1  F. Javier Trujillo, Esq. (SBN123639)
   Law Offices of F. Javier Trujillo
2  8221 3rd Street, Suite 205
   Downey, CA 90241
3  (213) 382-2600 Voice
4  (213) 831-8453 Facsimile

5

6  Attorney For Plaintiffs, RAMIRO MARTINEZ and TERESA LOPEZ
7  MARTINEZ

8

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13  *RAMIRO MARTINEZ and TERESA*     )
    *LOPEZ MARTINEZ*                 )  Case No.: 2:18-cv-07953-AB (AGRx)
14                                   )
                                     )  [Judge Andre Birotte Jr.]
                  Plaintiff,         )
15                                   )  PLAINTIFFS'    STATEMENT    OF
    vs.                              )  GENUINE ISSUES OF MATERIAL
16                                   )  FACT   IN   SUPPORT   OF   THEIR
    *SKILSAW POWER TOOLS, ROBERT*    )  OPPOSITION TO ROBERT BOSCH
    *BOSCH TOOL CORPORATION and*     )  TOOL CORPORATION'S MOTION
17  *DOES 1-50,*                     )  FOR SUMMARY JUDGMENT
18                                   )
                  Defendants.        )  **Date:**       **September 13, 2019**
19                                   )  **Time:**       **10:00 a.m.**
                                     )  **Ctrm:**       **7B**
20                                   )
                                     )  *[Filed concurrently with Memorandum*
21                                   )  *of Point and Authorities in Support of*
                                     )  *Opposition to Motion for Summary*
22                                   )  *Judgment,  Declaration  of  Ramiro*
                                     )  *Martinez,  Declaration  of  F. Javier*
23                                   )  *Trujillo and Exhibits]*

24

25

26

27

28
                              Page 1

Law Offices of
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

*Law Offices of*
F. JAVIER TRUJILLO
8221 3ᴿᴰ STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

## STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE

Plaintiff, Ramiro Martinez ("Martinez" or "Plaintiff") submits this Statement of Genuine Material Facts in Dispute, together with references to supporting evidence, in support of their Opposition to Robert Bosch Tool Corporation's Motion for Summary Judgment against Plaintiffs.

| Moving Party's Alleged Undisputed Fact | Response |
|---|---|
| 1. This action arises from a workplace injury that occurred on August 4, 2015. | Agree |
| 2. Mr. Martinez was using a worm drive circular saw (Skilsaw MAG77LT, hereinafter "saw") to cut aluminum framing beams on a trailer when the incident occurred. | Agree |
| 3. Plaintiffs Ramiro Martinez and Teresa Lopez Martinez (collectively "Plaintiffs") allege that the saw jammed and kicked back at Mr. Martinez, severely cutting him in his abdominal area and causing catastrophic injuries | Agree |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| 4.   Mr. Martinez has only operated worm drive circular saws like the subject saw. | Agree. |
| 5.   Mr. Martinez has operated worm drive circular saws since 1999 when he first started repairing trailers. | Agree. |
| 6.   Mr. Martinez stated that he would typically use a worm drive circular saw two or three times a week. | Agree. |
| 7.   Before the subject incident, Mr. Martinez had never had an experience with a saw that made him feel unsafe. | Agree. |
| 8.   Mr. Martinez had also never experienced a time where the saw moved involuntarily in his hand. | Disagree.  Undisputed Facts Nos. 9, 10, 11, 12 & 13. |

Law Offices of
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| 9. Mr. Martinez knew that he was involved in a workplace accident involving the subject saw. | Agree. |
| 10. Mr. Martinez knew that he had been struck by the saw blade at the time that he was taken to the hospital. | Agree. |
| 11. Mr. Martinez had never been cut with a saw blade before the date of the incident on August 4, 2015. | Agree. |
| 12. Mr. Martinez also knew on the date of the incident that the subject saw had "jumped" and moved in a way that he had never experienced before. | Agree. |
| 13.Furthermore, he wanted "to know why it had jumped and why the safety device hadn't worked that time. | Disagree. The words "that time" imply that Martinez wanted to know on August 4, 2015, why the saw jumped and why the safety device hadn't worked. Martinez Depo. 117:13-22; Martinez Dec. Para. Nos. 6, 7, 8, 9, 10, 11, 12, 13 & 61. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| 14. In Mr. Martinez's own words – "I wanted to – to have it [the subject saw] checked." | Disagree. This implies that Martinez wanted to the saw checked on August 4, 2015 for a malfunction. Martinez Dec. Para. Nos. 6, 7, 8, 9, 10, 11, 12, 13 & 61. |
| 15. Plaintiff R. Martinez's brother worked at H & M on the August 4, 2015 incident and continued working for them until company closed. | Agree. |
| 16. Plaintiff R. Martinez knew the subject saw well enough to be able to buy an identical one without being told what kind to buy. | Agree. |
| 17. Mr. Martinez only first asked to see the saw in November 2016. | Disagree. Disputed Fact Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22 & 23. |
| 18. Plaintiffs commenced this action on August 22, 2017 by filing their Complaint in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC673357 (the "State Court Action") | Agree. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| Alleged Undisputed Fact | Response |
|---|---|
| | Agree. |
| 19. Plaintiffs allege in their own complaint that "ordinary consumers could not contemplate that a [*sic*] the blade guard would not close, the product did not stop the blade from spinning when it kicked back." | |

Martinez also contends that the following other Material Facts are in dispute:

| Material Facts in Dispute | Source |
|---|---|
| 1. Martinez was not asked in deposition when he first wanted the saw checked. | Martinez Declaration Paragraph No. 3 and Martinez Depo.117:19-25. (*All portions of Martinez Deposition are attached as exhibits to Trujillo Declaration*) |
| 2. Martinez was not asked in deposition why he wanted the saw checked. | Martinez Dec. Para. No. 4 and Martinez Depo. 117:19-25. |
| 3. Martinez had used this saw for many years and there was nothing different on August 4, 2015 from any of the prior occasions he used the saw. | Martinez Dec. Para. No. 5. |
| 4. Martinez wanted to know what he did differently on August 4, 2015, | Martinez Dec. Para. No. 6. |

[Case No.: 2:18-cv-07953 AB (AGRx)]
STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MSJ

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| while operating the saw that made the saw "jump". | |
| 5. Martinez did not want to do something that would make another saw "jump" on him again. | Martinez Dec. Para. No. 6. |
| 6. Martinez was not asked in deposition when he first learned that the subject saw had a "safety device". | Martinez declaration paragraph No. 7 and Martinez Depo. 117:19-25. |
| 7. Had Martinez been asked that question, he would have answered when his lawyer told him about the "safety device". | Martinez declaration paragraph No. 7 & Martinez Depo.117:19-25. |
| 8. Trujillo first became aware of the safety device on the subject SKILSAW MAG77LT after the inspection by the expert. | Trujillo declaration Para. No. 8. |
| 9. Martinez was not asked in deposition what *he* thought made the saw "jump" on August 4, 2015. | Martinez declaration paragraph No. 9 and Martinez Depo.73:22 through 75:24 & 117:19-25. |
| 10. Martinez was not asked in deposition if he thought the way he used the saw on August 4, 2015 was the reason the saw "jump". | Martinez declaration paragraph No. 7 and Martinez Depo. 73:22 through 75:24 & 117:19-25. |
| 11. Martinez did not have any legal | Exhibit No. 2 & Trujillo Dec. Para. No. 3. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3ᴿᴰ STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| representation for the August 4, 2015 injury until he retained the law office of F. Javier Trujillo. | |
| 12. On May 09, 2016, the Law Office of F. Javier Trujillo sent a letter of representation to H&M International which included a request for "All Investigation Reports" related to the injury to Plaintiff/Applicant | Exhibit No. 3 & Trujillo Dec. Para. No. 3. (All exhibits are attached to Trujillo Declaration) |
| 13. On July 15, 2016, Trujillo received notice that Applied Risks Services and H&M retained the law office of RO & YOU (RO) to represent their interests in the workers' compensation action | Exhibit No. 4 & Trujillo Dec. Para. No. 4. |
| 14. H&M never responded to Trujillo's request for service of the investigation reports , | Trujillo Dec. Para, No. 4. |
| 15. On July 26, 2016, Trujillo called RO and discussed the need to have the saw inspected by a saw expert to determine if any defect in the saw caused or contributed to the Martinez's injury | Trujillo Dec. Para. No. 6. |
| 16. Trujillo explained To RO if there | Trujillo Dec. Para. No. 7. |

[Case No.: 2:18-cv-07953 AB (AGRx)]
STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MSJ

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| were such a defect, Applied Risks Services could seek reimbursement for the money it had paid in benefits to plaintiff | |
| 17. Trujillo argued to RO that it was in H&M's and Applied Risks Services' economic self-interest to have the saw inspected. | Trujillo Dec. Para. No. 8. |
| 18. RO responded that the case was an "admitted case", that no-one had made any compliant about the saw and "no investigation was ordered". | Trujillo Dec. Para. Nos. 4 & 8. |
| 19. Trujillo asked RO to allow Trujillo to get temporary possession of the saw and Trujillo would pay for the saw's inspection by a saw expert. | Trujillo Dec. Para. No. 9. |
| 20. Trujillo's was not permitted to have the saw inspected while RO represented H&M. | Trujillo Dec. Para. No. 10. |
| 21. Trujillo was requesting to have the saw inspected not because there was any indication of a defect in the saw. But rather, to ascertain if a defect existed. | Trujillo Dec. Para. No. 11. |

| | |
|---|---|
| 22.   On August 19, 2016, Trujillo received a notice of taking the deposition of Martinez set for October 4, 2016. | Exhibit No. 5 & Trujillo Dec. Para. No. 12. |
| 23. On October 4, 2016, Trujillo and RO discussed the case settlement terms and Trujillo again asked for permission to inspect the saw. | Trujillo Dec. Para. No. 13. |
| 24  At this point Trujillo still did not possess any facts upon which to form a belief that a defect in the saw could have been, or was, responsible for Martinez's injury. | Trujillo Dec. Para.  No. 11. |
| 25. On October 4, 2016 the parties settled the workers' compensation claim by way of a Compromise and Release. | Exhibit No. 6 & Trujillo Dec. Para. No.14. |
| 26. A One of the terms of the settlement was that Martinez would retain all of H&M's and Applied Risks Services'  rights against any possible third party tortfeasor and that the defendants assigned all rights to Martinez. | Exhibit 6, page 6, last handwritten paragraph & Trujillo Dec. Para. No. 14. |
| 27. Trujillo explained to Martinez that there may be a case against the | Trujillo Dec. Para. No. 15. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3ᴿᴰ STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| manufacturer of the subject saw *if the saw had a defect*. | |
| 28.   Based upon the fact that workers' compensation defendants did not want the saw inspected and the fact that H&M was still using the saw Trujillo believed that it was unlikely the saw had a defect. | Trujillo Dec. Para. No. 16. |
| 29. Trujillo still wanted to rule out the possibility of a defect. Trujillo needed the saw inspected by a saw expert determine if a defect existed that could not be recognized by a lay person. | Trujillo Dec. Para. No. 17. |
| 30. The C&R was then filed with the Workers' Compensation Appeals Board and the Order Approving the Compromise and Release was signed on October 11, 2016 | Exhibit 7 & Trujillo Dec. Para. No. 18. |
| 31. On October 11, 2016 Trujillo met with defense counsel at the Workers' Compensation Appeals Board and against asked for permission to inspect the saw. | Trujillo Dec. Para No. 19. |
| 32. Once the Order Approving the C&R was signed, and Martinez was paid, Trujillo could now ethically attempt to contact H&M directly about the saw. | Trujillo Dec. Para. No. 20. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| 33. After the order Approving the C&R was signed Trujillo called Martinez and asked him to talk with his supervisor at H&M about inspecting the saw. | Trujillo Dec. Para. No. 21. |
| 34. In late February 2017, Martinez advised Trujillo that his supervisor didn't want to let the saw go to Trujillo | Trujillo Dec. Para. No. 23 & Martinez Depo.116:18 through 117:12. Exhibit No. 7. |
| 35. Trujillo asked Martinez to convey an offer to H&M to buy the old saw and replace it with an exact make and model new saw. | Trujillo Dec. Para. No. 24. |
| 36. At this point, Trujillo still did not have any reason to believe that a defect in the saw existed. | Trujillo Dec. Para. No. 25 |
| 37. In late June of 2017 Trujillo was informed that H&M would agree to the deal to trade saws. | Trujillo Dec. Para. No. 26 |
| 38. Trujillo would not be given the subject saw until H&M had, in its hand, the new replacement saw. | Martinez Depo.116:18 through 117:12 Exhibit No. 7. |
| 39. In mid-July 2017 Trujillo obtained possession of the subject saw | Trujillo Dec. Para. No. 27. |
| 40. When Trujillo first obtained possession of the subject saw he inspected the saw and Trujillo did not | Trujillo Dec. Para. No. 27 |

[Case No.: 2:18-cv-07953 AB (AGRx)]
STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MSJ

*Law Offices of*
F. JAVIER TRUJILLO
8221 3ʀᴅ STREET, SUITE 205
DOWNEY. CALIFORNIA 90241

| | |
|---|---|
| observe anything that appeared to be a defect. | |
| 41. Trujillo personally drove the saw 250 miles to hand deliver the saw to the saw expert. | Trujillo Dec. Para. No. 28. |
| 42. Trujillo understood that his expert was headed out of the State, the next morning for a conference and the saw would be inspected immediately upon his return. | Trujillo Dec. Para. No. 29. |
| 43. On August 14, 2017, for the first time, after this expert had inspected the saw, Trujillo formed the belief that the saw was defective, and that defect was the cause of plaintiff's injuries. | Trujillo Dec. Para. No. 30. |
| 44. Without this belief Trujillo could not ethically file this complaint. | Trujillo Dec. Para. No. 31 & California *Cannons of Ethics* Rule 3-200. |
| 45. On April 24, 2019 movant took Martinez's deposition. | Fickel Dec. Para. No. 3. |
| 46. On April 24, 2019 movant's expert inspected the subject saw | Trujillo Dec. Para. No. 32. |
| 47. The parties had exchanged written discovery. | Trujillo Dec. Para. No. 33. |
| 48. The movant's declaration does not claim any prejudice because of the date that the complaint was filed. | Fickel Declaration. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| 49. The movant's declaration does not claim any specific evidence has been lost. | Fickel Declaration. |
| 50. The movant's declaration does not claim that anyone's memory has faded. | Fickel Declaration. |
| 51. Martinez did not know what a "guard" was until he was deposed on April 24, 2019. | Martinez Depo. 43:21 through 44:5. |
| 52. The lower guard is designed to pull back away from the blade as the blade engages the material it is cutting. | Martinez Depo. 43:21 through 44:5 & Martinez Dec. Para. Nos. 14 & 16. |
| 53. When Martinez was injured, he believed that when saw hit his abdomen region strongly his body caused the lower guard to retract and expose the blade. | Martinez Depo. 43:21 through 44:5 & Martinez Dec. Para. No. 14 & Para. No. 17. |
| 54. Martinez knew that when the saw hit his abdomen strongly and it traveled across his body. | Martinez Dec. Para. No. 17. |
| 55. Martinez believed that the saw traveling across his body was what caused the lower guard to retract from the blade. | Martinez Depo. Page 88:23 through 89:11 & Martinez Dec. Para. No. 17. |
| 56. Martinez expected the lower guard to have pulled back away from the | Martinez Depo. 88:23 through 89:11 & Martinez Dec. Para. Nos. 18. |

*Law Offices of*
F. JAVIER TRUJILLO
8221 3RD STREET, SUITE 205
DOWNEY, CALIFORNIA 90241

| | |
|---|---|
| blade by the resistance of Martinez's abdomen. This is Martinez's understanding of how the lower guard is supposed to work. | |
| 57. Martinez thought that he had "cut himself" not that the saw cut him. | Martinez Depo. Page 78:1-20. |
| 58. After the workers compensation case was settled Martinez asked his brother to take pictures of the saw. | Martinez Depo. Page 116:18 through 117:3. |
| 59. Martinez never received any pictures from H&M or his brother. "They" didn't give me anything". | Martinez Depo.116:3-17. |
| 60. Martinez thought that the company-H&M, was probably going to stay out of his law suit against the Bosch. | Martinez Depo.9: 6-25. |
| 61. SkilSaw's Operator/Safety Instructions state affirmatively that "Kickback" (or as Martinez understands saw "jumping") is the result of "operator misuse" not a defect in the saw. | Exhibit No.2, page Nos. 13, 18 & 21. |

DATERD: August 14, 2019

Law Office of F. Javier Trujillo

F. Javier Trujillo, Esq.

[Case No.: 2:18-cv-07953 AB (AGRx)]
STATEMENT OF DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MSJ